### Shutt Improvement Company v. J. H. Thompson.

1. PRACTICE—*Insufficient Affidavit for Continuance.*—An affidavit in support of a motion for a continuance which discloses the absence of the party's general attorney, but fails to disclose any reasonable excuse for his absence or any reasonable diligence on the part of the party to have him present, is insufficient.

2. INSTRUCTIONS—*When Not Error to Refuse Instruction Stating Correct Principles of Law.*—When the jury has been fully and fairly informed as to the law involved, by the instructions given, then it is not error to refuse others, although they may state correct principles or propositions of law.

3. NEW TRIALS—*Not Error to Refuse on Ground of Newly-Discovered Cumulative Evidence.*—It is not error to refuse a new trial on the ground of newly-discovered cumulative evidence.

Assumpsit.—Appeal from the Circuit Court of Randolph County; the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

F. M. ESTES and J. B. SIMPSON, attorneys for appellant.

H. CLAY HORNER, attorney for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit commenced by attachment, in the Circuit Court of Randolph County, by appellee against appellant. Trial by jury. Verdict and judgment in favor of appellee for $381.20.

Appellant, the defendant below, was a non-resident of

the State of Illinois, and no question is raised as to the attachment feature of the case. The declaration consists of the common counts, for labor and services rendered; for goods, wares and merchandise sold and delivered; and for money laid out and expended. Appellant appeared by F. M. Estes, its general attorney, and J. B. Simpson, its local attorney, and pleaded the general issue, and gave notice of defense in the nature of set-off and of recoupment. These pleadings were signed " F. M. Estes, J. B. Simpson, attorneys for defendant."

The errors relied on for reversal are, that the court erred in denying appellant's motion for continuance, in refusing certain instructions asked by appellant, and in denying appellant's motion for new trial.

When the case was called for trial appellant moved the court for a continuance on account of the absence of F. M. Estes, its general attorney. The motion was supported by the affidavit of appellant's secretary and manager. While this affidavit does disclose the absence of Mr. Estes, it fails utterly to disclose any reasonable excuse for his absence or any reasonable diligence on the part of appellant to have him present. Mr. Simpson, one of the attorneys who had signed the pleadings, was present in court. Upon this state of case we can not hold that the court erred in denying appellant's motion for continuance.

The refused instructions complained of pertain to appellant's claim for set-off, or to its claim for recoupment. The two that were given on behalf of appellant, fully, fairly and sufficiently state the law applicable. When the jury has been fully and fairly informed as to the law involved, by the instructions given, then it is not error to refuse others although they may state correct principles or propositions of law. It is apparent in this case, if the jury had taken appellant's view of the evidence, that the law as given would have led to a verdict quite satisfactory to appellant. We are of opinion that there was no substantial error in refusing the instructions complained of.

Counsel insist the trial court should have granted a new

trial because of lack of evidence to support the verdict, and because of newly-discovered evidence.

There is in this record a conflict or contrariety of evidence, but there is not any lack of evidence. Where there is a mere conflict, or contrariety of evidence, it is for the jury to determine. The jury in such cases must judge of the credibility of the witnesses and of the weight of the evidence.

As to the newly-discovered evidence suggested and disclosed by the affidavits, it is purely cumulative, and if it were produced, would not be conclusive. It is not error to refuse a new trial on the ground of such newly-discovered evidence.

This record does not disclose any substantial grounds for reversal. The judgment of the Circuit Court is affirmed.